

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00279-CV

———————————————

SHADDAI HARRIS, Appellant

V.

ILIAC, LLC, Appellee

---

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-342989-23

---

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

## I. INTRODUCTION

Appellant Shaddai Harris, proceeding pro se, appeals the trial court's order granting no-evidence summary judgment on her negligence claim against Appellee Iliac, LLC.[1]

In eight issues, some of which overlap, Harris complains that the trial court erred by (1) allowing her attorney to withdraw, (2) denying her motions for continuance, (3) granting Iliac's no-evidence motion for summary judgment, (4) denying her motion for new trial, (5) allowing for deficiencies in the appellate record, and (6) making cumulative errors that deprived her of due course of law. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Harris asserts that in 2022, while she was in a Chick-fil-A drive-thru line to pick up her food, a store employee forcefully shoved a Styrofoam cup into her left hand, bending it backwards, injuring her wrist, and causing her "serious and permanent

---

[1]During the trial court proceedings and this appeal's pendency, Harris also represented herself pro se in our sister court. *See Harris v. Lyotard*, No. 05-24-01449-CV, 2026 WL 1716615, at *2 (Tex. App.—Dallas June 12, 2026, no pet. h.). In her reply brief in the instant case, Harris argues that Iliac's prayer for sanctions and attorney's fees for a frivolous appeal under Texas Rule of Appellate Procedure 45 should be denied. Iliac's brief contains no such request. *See id.* (noting that the court struck Harris's first pro se brief and ordered her to file an amended brief after appellees challenged her brief for containing at least four hallucinated citations and at least twenty citations that did not stand for the proposition or holding for which they were presented).

injuries." Harris retained an attorney and sued Chick-fil-A in June 2023, alleging negligence and negligent hiring, training, supervision, and retention. She later amended her petition in August 2023, bringing claims against Iliac[2] and then nonsuiting her claims against Chick-fil-A.[3] In October 2024, Harris's jury trial was set for the week of December 9, 2024, when opposing counsel requested a reset. On October 31, 2024, the trial court reset the trial date to April 28, 2025.

Approximately twelve weeks before the reset trial date, Harris's first attorney moved to withdraw. The attorney's motion, among other things, explained that good cause existed for her withdrawal because there had been a fundamental break-down in the attorney-client relationship and that Harris was aware of the motion but that she did not consent to it. *See* Tex. R. Civ. P. 10. The motion informed Harris of her next step:

> You are hereby notified that this Motion to Withdraw has been filed. This Motion will be set by submission only. If you object to this Motion, you need to file a written objection within 10 days of the filing of this Motion. Since you wish to contest the withdrawal of KRISTINA N. KASTL and KASTL LAW, P.C., as your attorney, you should file a written objection to this Motion within 10 days of the filing of this Motion.

---

[2]According to Iliac's brief, it is a franchisee of Chick-fil-A.

[3]Harris's amended petition alleged the same facts and claims as her original petition.

More than ten days passed, and Harris did not file an objection or otherwise present to the trial court a timely request, objection, or motion regarding her attorney's withdrawal.

On February 20, the trial court granted the attorney's motion to withdraw. That same day, Iliac moved for no-evidence summary judgment on Harris's claims, alleging that there was no evidence of a legal duty owed to Harris, a breach of that duty, or damages proximately resulting from the alleged breach. Iliac's no-evidence motion for summary judgment was set for a March 21 hearing by submission.

On March 5, Harris's second attorney filed a notice of appearance. The attorney moved to continue the summary-judgment hearing, and, in the alternative, responded to the summary-judgment motion.[4] The response included Harris's medical records and excerpts from her deposition testimony. Iliac replied and argued that Harris was an interested witness whose self-serving statements could not defeat summary judgment, that her medical records did not reference the incident or support proximate cause, and that she had "failed to offer more than a scintilla of evidence to support her allegations as to duty, breach, and/or causation."

On March 21, Harris, while still represented by the second attorney, filed a pro se motion for continuance "due to ineffective legal counsel" by her "previous counsel"

---

[4]In the motion, Harris's second attorney acknowledged that "discovery had already been completed" when the trial court allowed the first attorney to withdraw.

and complained that her new attorney had not had sufficient time to prepare for trial.[5] Later that day, Harris's second attorney moved to withdraw. The motion explained that good cause existed for the withdrawal because there had been a fundamental break-down in the attorney-client relationship and that the attorney was unable to effectively communicate with Harris in a manner consistent with good attorney-client relations, that Harris had received notice of motion, and that she did not oppose it. The trial court granted the motion to withdraw that day without having ruled on the second attorney's motion for continuance. Four days later, the trial court denied Harris's pro se ineffective-assistance-based motion for continuance.

On April 1, Harris filed a pro se motion to extend pretrial deadlines and for reconsideration of her ineffective-assistance-based continuance motion. On April 4, she filed another pro se motion to extend the discovery period and pretrial deadlines. Iliac opposed her extension requests, asserting that since her counsel's withdrawal, Harris had "filed multiple, baseless motions with the sole goal of delaying trial." Harris replied to Iliac's response the next day and again prayed for the trial court to extend the pretrial deadlines and reconsider the continuance.

---

[5]Iliac filed a response and argued that the motion for continuance should be denied because it was defective on its face. Specifically, Iliac complained that Harris's motion was (1) unverified, (2) without a certificate of conference, and (3) filed while she was represented by an attorney.

On April 9, the trial court denied Harris's pro se motion to extend pretrial deadlines and for reconsideration of her ineffective-assistance-based continuance but nonetheless—during a hearing that day—noted the extension of the summary-judgment hearing from March 21 to April 18. On April 15, Harris filed another motion to extend pretrial deadlines and to reopen discovery but did not secure a ruling on her motion before the trial court granted Iliac's no-evidence summary-judgment motion—without specifying a basis for its ruling—six days later.

Harris moved for a new trial, reurging the same arguments that she had made in her summary-judgment response—that Iliac had a duty to her, that it had breached that duty, and that she had damages proximately resulting from the breach. Almost a month after filing her motion for new trial, Harris retained a third attorney.

The trial court denied Harris's motion for new trial.

After Harris filed a pro se notice of appeal, her third attorney moved to withdraw. The motion to withdraw explained that good cause existed for withdrawal because the attorney and Harris had agreed to terminate the attorney-client relationship. The trial court granted the third attorney's motion to withdraw.

After the court reporter filed the record with this court, Harris filed a motion to "determine and enforce completion of reporter's record," claiming that the court reporter had failed to "provide all hearing transcripts and recordings." We requested a response, and the court reporter filed a statement asserting that "all court reporter's records have been transcribed, completed, and delivered to the 2nd Court of Appeals."

6

Harris then filed a motion to compel the court reporter, maintaining that the filed reporter's record did not contain all the hearing transcripts. Because Harris disagreed with the court reporter's statement that the entire reporter's record had been filed, we abated the appeal and submitted the dispute to the trial court for resolution.

On February 6, 2026, the trial court held a hearing to determine whether the reporter's record was complete. After hearing testimony from Harris and the court reporter and reviewing its records, the trial court found that there were no inaccuracies or omissions in the reporter's record. The trial court filed its findings, Harris filed no request for additional or amended findings, and we denied Harris's motion to compel and reinstated the appeal.

## III. DISCUSSION

### A. HARRIS'S ATTORNEY'S WITHDRAWAL

In her first issue, Harris complains that the trial court abused its discretion by allowing her attorney to withdraw.[6] This issue is unpreserved.

---

[6]Harris does not clearly identify upon which of her three attorneys' withdrawals that she bases this complaint. However, the record reflects that Harris consented to her second and third attorneys' withdrawals, and she complains in her appellate brief that the withdrawal occurred "during a critical stage of the litigation, leaving [her] unrepresented when [Iliac] filed a dispositive no-evidence motion for summary judgment." Because Harris consented to the withdrawals of her second and third attorneys and because the trial court granted her first attorney's motion to withdraw on the same day that Iliac moved for no-evidence summary judgment, we construe this complaint to be based on her first attorney's withdrawal.

7

### 1. Applicable Law

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if not apparent from the request's, objection's, or motion's context. *See* Tex. R. App. P. 33.1(a)(1)(A). If a party fails to do this, error is not preserved. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

### 2. Analysis

Harris's first attorney moved to withdraw on February 4, 2025. The motion explained that good cause existed for her withdrawal, noted that Harris was aware of the motion but did not consent to it, and informed Harris that she had to file a written objection to the motion within ten days. Harris did not file an objection to her attorney's withdrawal, and the trial court granted the motion sixteen days later.

Although Harris argues that the trial court allowed her attorney to withdraw without good cause at a critical stage of the litigation, she did not present this argument to the trial court or even mention her opposition to the withdrawal until the April 9, 2025 hearing. At that hearing, she acknowledged not having sent any objection to the withdrawal to the trial court.[7] *See* Tex. R. App. P. 33.1(a)(1)(A); *Aduli v. Aduli*,

---

[7]During the April 9, 2025 hearing, the trial court noted, "It says in [the motion] . . . you are hereby notified that this motion has been filed, and if you object to this motion, you need to file a written objection within 10 days," and then noted that Harris "didn't file anything with the court." Notwithstanding the motion's instructions, Harris insisted, "I did not know that I needed to [object]." Instead of arguing lack of good cause, *cf.* Tex. R. Civ. P. 10, or that the withdrawal had occurred at a critical stage

368 S.W.3d 805, 818 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding that appellant who opposed his counsel's withdrawal motion failed to preserve timing error because he did not specifically object to the withdrawal's timing and "request time to obtain new counsel"). Accordingly, we hold that this issue was not preserved.

We overrule Harris's first issue.

## B. HARRIS'S MOTION FOR CONTINUANCE

In her second issue, Harris contends that the trial court abused its discretion by denying her motions for continuance. We disagree.

### 1. Standard of Review & Applicable Law

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). We may not substitute our own judgment for the trial court's judgment with respect to matters

---

in the litigation, Harris argued that her first attorney had performed poorly by "being untimely" and by failing to depose the Chick-fil-A employee who had allegedly injured her. The trial court informed her, "It's not fair to you, but you need to call the State Bar of Texas and file a grievance against these people for not being fair to you. It's not the court that's not being fair to you. It's because you chose these lawyers, and so you need to call the State Bar of Texas and tell them what they did."

committed to the trial court's discretion. *McAleer v. McAleer*, 394 S.W.3d 613, 617 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

Texas Rule of Civil Procedure 251 provides that a trial court may not grant a continuance "except for sufficient cause supported by affidavit," or two exceptions—consent of the parties or operation of law—not applicable here. *See* Tex. R. Civ. P. 251. "A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit." *Serrano v. Ryan's Crossing Apts.*, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, pet. denied). When a movant fails to comply with these requirements, it is presumed that the trial court did not abuse its discretion by denying the motion. *In re G.Z.*, No. 02-21-00122-CV, 2021 WL 3796049, at *7 (Tex. App.—Fort Worth Aug. 26, 2021, no pet.).

Further, if the movant does not obtain a ruling or a refusal to rule on the request, objection, or motion, the error is not preserved. *See* Tex. R. App. P. 33.1(2). And we review the denial of a motion for continuance to conduct discovery for an abuse of discretion on a case-by-case basis. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). We may consider the following nonexclusive factors when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Id.*

10

## 2. Analysis

Harris references four motions for continuance in her appellate brief—a verified motion filed by her second attorney (which was combined with her summary-judgment response) and three subsequently filed pro se motions. The trial court expressly denied two of the three pro se motions, but her second attorney withdrew before obtaining a ruling on his verified motion, which Harris did not expressly reurge or adopt—relying on her pro se motions—before the trial court granted the no-evidence summary judgment the following month. Accordingly, we will consider only Harris's preserved complaints: the denial of her two pro se motions. *See* Tex. R. App. P. 33.1(2).

Harris filed, while represented by her second attorney, a pro se "Motion for Continuance Due to Ineffective Legal Counsel." She alleged that she needed a continuance because her first attorney had not conducted adequate discovery, deposed Iliac's employee, filed necessary motions, communicated material developments to her, or properly prepared for trial. Her pro se motion was not verified or supported by an affidavit. Iliac objected to the motion and complained that it was not verified.[8] The trial court denied the motion.

---

[8]Iliac also complained that Harris's motion was filed pro se while represented by an attorney, lacked a certificate of conference, failed to clearly state whether the continuance was for the summary-judgment hearing or the trial, and failed to properly assert the grounds for which the continuance was sought.

11

Although Harris's ineffective-assistance motion for continuance was in writing and stated some facts to support her request for relief, it was not verified or supported by an affidavit.[9]  Because Harris failed to comply with Rule 251's requirements, we presume that the trial court did not abuse its discretion by denying the motion.[10]  *See id.*; Tex. R. Civ. P. 251.

Harris's other pro se motion that the trial court expressly denied was her "Motion to Extend Pre-Trial Deadlines and for Reconsideration of Continuance," which she filed after her second attorney withdrew.  In the motion, Harris again complained that

---

[9]A pro se litigant is held to the same standards as a licensed attorney and must comply with all rules of procedure, *see Thomas v. EFI Glob., Inc.*, No. 02-16-00379-CV, 2017 WL 5494254, at *3 n.6 (Tex. App.—Fort Worth Nov. 16, 2017, pet. withdrawn), in order to ensure fairness through the use of a single set of rules, *see Barcroft v. Walton*, No. 02-16-00110-CV, 2017 WL 3910911, at *5 (Tex. App.—Fort Worth Sep. 7, 2017, no pet.).  In her reply brief, Harris argues that denying a pro se litigant a continuance "after her attorney leaves her stranded" is an abuse of discretion, but the record reflects that she had counsel when she filed this motion, and the case she cites, "*Valdez v. Robertson*, No. 01-19-00624-CV, 2021 Tex. App. LEXIS 5211, at *9–11 (Tex. App. Houston [1st Dist.] June 29, 2021, no pet.)," is an inaccurate citation that does not support the proposition for which she cites it.  Specifically, *Valdez v. Robertson* is an appeal of an order dismissing an application to probate a will and concluding that an opposing party had standing to contest the will.  No. 01-14-00563-CV, 2016 WL 1644550, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2016, no pet.).  Appellate cause number 01-19-00624-CV, on the other hand, belongs to an original proceeding in which a relator sought to compel a trial court to withdraw its order denying a motion to recuse and amended motion to disqualify and in which the relator subsequently filed a motion to dismiss his mandamus petition.  *In re Lechin*, No. 01-19-00624-CV, 2020 WL 894455, at *1 (Tex. App.—Houston [1st Dist.] Feb. 25, 2020, orig. proceeding).

[10]We note, however, that following Harris's second attorney's withdrawal—despite having denied her pro se motion for continuance—the trial court rescheduled the summary-judgment submission date and provided the parties four additional weeks.

12

her first attorney had been ineffective, causing "material evidence such as medical records, billing affidavits, and key witness testimony" to not be properly submitted or preserved. She asked for reconsideration of the denial of her previous motion for continuance and an extension of all pre-trial deadlines by sixty to ninety days. Harris supported this motion with an affidavit and set the motion for hearing on April 9, after which the trial court denied her motion.

Harris filed her lawsuit on June 16, 2023, and the trial court heard her continuance motion on April 9, 2025. During the hearing, the trial court repeatedly chastised Harris for not having diligently sought the discovery she asserted that she still needed and reminded her that the trial court could not treat her differently from how it treated attorneys. *See Thomas*, 2017 WL 5494254, at *3 n.6; *Barcroft*, 2017 WL 3910911, at *5. Harris informed the trial court that she "would like to have more time to look at everything" and listed some items, but she did not explain the items' materiality and purpose. Iliac's counsel pointed out that the case had "a pretty small file," explaining that this "is why they were able to timely file the response to the motion for summary judgment." The trial court denied Harris's continuance.

Based on the record before us, we cannot say that the trial court abused its discretion by denying Harris's motion when the case had been on file for almost two years, Harris failed to explain the materiality and purpose of the additional discovery she sought, and the trial court expressly found that she had not exercised diligence. *See Joe*, 145 S.W.3d at 161.

13

We overrule Harris's second issue.

## C. ILIAC'S MOTION FOR SUMMARY JUDGMENT

In her third issue, Harris argues that the trial court erred by granting no-evidence summary judgment because (1) Iliac's no-evidence motion for summary judgment "failed to meet the specificity requirements of Rule 166a(i)" and (2) the record contains more than a scintilla of evidence supporting her negligence claim.[11] We disagree.

### 1. Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i).[12] The motion must specifically state the elements for which no evidence exists. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). A properly filed no-evidence motion shifts the burden to the nonmovant to present evidence raising a

---

[11]The trial court granted summary judgment on all of Harris's claims, including claims of negligent hiring, training, supervision, and retention. She does not complain of the trial court's summary judgment on her claims of negligent hiring, training, supervision, and retention.

[12]While this appeal was pending, the Texas Supreme Court amended Rule 166a. *See* Sup. Ct. of Tex., *Final Approval of Amendments to Rule 166a of the Texas Rules of Civil Procedure*, Misc. Docket No. 26-9012 (Feb. 27, 2026). But the "amendments apply only to a motion for summary judgment filed on or after March 1, 2026," *id.*, so they are inapplicable here. All citations to Texas Rule of Civil Procedure 166a in this opinion reference the version applicable to motions for summary judgment filed before March 1, 2026.

14

genuine issue of material fact supporting each element contested in the no-evidence motion. *Wal-Mart Stores, Inc. v. Xerox State & Local Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023). The trial court must grant the motion unless the nonmovant produces summary-judgment evidence that raises a genuine, material fact issue. *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

## 2. Iliac's No-Evidence Summary-Judgment Motion

As an initial matter, we address Harris's complaint that Iliac's no-evidence summary-judgment motion was defective because it failed to meet the specificity

requirements outlined in Rule 166a(i). She asserts that Iliac's motion "relied on generalized, boilerplate assertion that there was 'no evidence' of duty, breach, and causation without identifying any specific evidentiary deficiency."[13]

Texas Rule of Civil Procedure 166a(i) provides that "[t]he motion must state the elements as to which there is no evidence." Tex. R. Civ. P. 166a(i). The challenge must be specific, and the movant cannot make "general challenges" that do not identify the specific elements lacking evidence. *See Lopez v. Laroche*, No. 02-24-00467-CV, 2025 WL 2370937, at *8 (Tex. App.—Fort Worth Aug. 14, 2025, no pet.).

Here, Iliac's no-evidence summary-judgment motion contended that "there [was] no evidence of a legal duty owed to [Harris], a breach of that duty, or damages proximately resulting from the breach." Iliac did not make general challenges; instead, it identified the specific elements of Harris's negligence claim for which it alleged there

---

[13]Harris miscomprehends Rule 166a(i). She claims in her appellate brief that Iliac was aware of her medical records, video footage, police documentation, and injury photographs but

> failed to identify any specific evidentiary gap or explain how such evidence was insufficient. While a no-evidence motion does not require the movant to produce evidence, it must identify specific deficiencies. The complete failure to do so particularly in the face of known, material evidence demonstrates that the motion was not a proper Rule 166a(i) challenge, but rather a conclusory attempt to shift the burden.

Nothing in Rule 166a(i) requires the movant to "identify specific deficiencies." *See* Tex. R. Civ. P. 166a(i). And the burden *does* shift to the nonmovant. *Id.* Rule 166a(i) provides that the trial court "must grant the motion unless *the respondent* produces summary[-]judgment evidence raising a genuine issue of material fact." *Id.* (emphasis added).

16

was no evidence. *See id.*; *see also Dukes v. Philip Johnson/Alan Ritchie Architects, P.C.*, 252 S.W.3d 586, 591–92 (Tex. App.—Fort Worth 2008, pet. denied) (listing common-law negligence elements of duty, breach, causation, and damages). We conclude that Iliac's motion provided Harris with fair notice that it was challenging her ability to prove duty, breach, and damages proximately resulting from the breach. Accordingly, we hold that Iliac's no-evidence summary-judgment motion was not defective. *See Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858, 861–62 (Tex. App.—Dallas 2005, no pet.) (holding that "by specifically identifying each challenged element," the party's no-evidence summary-judgment motion complied with the requirements of Rule 166a(i)).

### 3. Analysis

To prevail on a common-law negligence claim, a plaintiff must establish (1) a legal duty owed to the plaintiff, (2) a breach of that duty, and (3) damages proximately resulting from the breach. *Dukes*, 252 S.W.3d at 591–92. In its no-evidence summary-judgment motion, Iliac asserted that there was no evidence of any of these elements, and the trial court granted the motion without specifying the grounds on which the order was based.

When a trial court's order granting summary judgment does not specify the grounds on which the order is based, the appealing party must negate each ground upon which the judgment could have been based. *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 226 (Tex. 2022). A party may negate each ground in one of two ways: either by raising separate issues or by asserting a general issue that the trial court erred

by granting summary judgment and, within that issue, providing an argument negating all possible grounds upon which summary judgment could have been granted. *Id.* at 227. An appellate court "must affirm a summary judgment if any ground on which the judgment could have been based stands unchallenged—'regardless of the merits of the unchallenged ground[s].'" *Madhu Lodging Partners, LP v. AmGuard Ins. Co.*, No. 02-23-00379-CV, 2024 WL 2760482, at *2 (Tex. App.—Fort Worth May 30, 2024, pet. denied) (quoting *McCurley v. Tex. Motor Speedway, Inc.*, No. 02-19-00108-CV, 2019 WL 6606103, at *1 (Tex. App.—Fort Worth Dec. 5, 2019, pet. denied)).

Here, in her third issue, Harris challenges two of the summary-judgment grounds: breach and damages proximately resulting from the breach. But she does not address Iliac's other summary-judgment ground—that there is no evidence it had a duty to her. Indeed, there is no argument—let alone any mention—of Iliac's supposed duty to Harris in her appellate brief.[14]

Because the trial court did not specify the grounds on which it based its summary-judgment ruling, the trial court could have relied upon the unchallenged ground in granting summary judgment. *See id.* Thus, because Harris did not challenge every ground on which the summary judgment could have been based, we are procedurally required to affirm the trial court's summary-judgment ruling without

---

[14]Harris argues that her evidence "created a genuine issue of material fact regarding breach of duty and causation." She makes no such mention whatsoever of Iliac's alleged duty to her.

regard to the merits of Harris's claim. *See id.* (affirming summary judgment because "the trial court could have granted summary judgment on [the appellant's] contract claim by relying on one or both of [the appellee's] two unchallenged no-evidence grounds"); *McCurley*, 2019 WL 6606103, at *2 (affirming summary judgment because the appellants did not challenge all of the summary-judgment grounds raised by the appellee); *Rollins v. Denton Cnty.*, No. 02-14-00312-CV, 2015 WL 7817357, at *2 (Tex. App.—Fort Worth Dec. 3, 2015, no pet.) ("Because [the appellant's] sole issue challenges only the denial of his motion for summary judgment . . . without addressing the immunity ground asserted in [the appellees'] cross-motion for summary judgment, we are procedurally constrained to affirm the trial court's summary judgment without regard to the merits of [the appellees'] immunity claim."). Accordingly, we hold that this issue is rendered moot by the unchallenged ground supporting the trial court's summary judgment. *See McCurley*, 2019 WL 6606103, at *2 ("Accordingly, we affirm the trial court's [no-evidence summary] judgment on the unchallenged grounds without reaching the merits and overrule the McCurleys' issues as moot."); *see also Wagley v. Neighborhood Ins. Specialists*, No. 14-16-00859-CV, 2018 WL 2139196, at *6 (Tex. App.—Houston [14th Dist.] May 10, 2018, no pet.) (affirming no-evidence summary judgment on negligence claim where trial court did not specify the grounds on which it relied in granting summary judgment, and the appellant did not challenge the summary-judgment ground of duty).

We overrule Harris's third issue.

## D. HARRIS'S MOTION FOR NEW TRIAL

In her fourth and fifth issues, Harris maintains that the trial court abused its discretion by denying her motion for new trial. We disagree.

### 1. Standard of Review & Applicable Law

"After a court grants a summary[-]judgment motion, the court generally has no obligation to consider further motions on the issues adjudicated by the summary judgment." *Corley v. Hendricks*, No. 02-16-00293-CV, 2017 WL 1536210, at *3 (Tex. App.—Fort Worth Apr. 27, 2017, pet. denied) (quoting *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (cleaned up)). We review a trial court's denial of a new-trial motion after granting summary judgment for an abuse of discretion. *Id.*; *Macy*, 294 S.W.3d at 651. A trial court does not abuse its discretion by denying a new-trial motion "if the movant cites no additional evidence beyond [that] available to [her]" when the summary judgment was granted. *See Tex. Petroleum Land Mgmt., LLC v. McMillan*, 641 S.W.3d 831, 851 (Tex. App.—Eastland 2022, no pet.); *Macy*, 294 S.W.3d at 651.

### 2. Analysis

Harris's new-trial motion recycled the same arguments she made in her summary-judgment response and did not cite additional evidence beyond that available to her when the trial court granted summary judgment.[15] Instead, she maintained that

---

[15]Even if Harris had cited to new evidence, her new-trial motion did not allege that (1) the evidence came to her knowledge after trial, (2) her failure to discover the

there was sufficient evidence to prove her claim of ordinary negligence. Accordingly, we cannot conclude that the trial court abused its discretion by denying Harris's new-trial motion. *See Evans v. Tex. Dep't of Crim. Just.–Institutional Div.*, No. 01-07-00847-CV, 2008 WL 2548986, at *5 (Tex. App.—Houston [1st Dist.] June 26, 2008, no pet.) (holding that trial court did not err by denying new-trial motion when the motion did not raise any new arguments or attach any new evidence).

We overrule Harris's fourth and fifth issues.

### E. APPELLATE RECORD

In her sixth issue, Harris asserts that alleged deficiencies in the appellate record impaired her ability to obtain meaningful appellate review.[16]

The clerk's record contains Harris's request to the court reporter to prepare the reporter's record, designating "all hearing dates" to be included. Once an appellant has

---

evidence earlier was not due to her lack of diligence, (3) the evidence was not merely cumulative or impeachment evidence, and (4) the evidence was so material that it would probably produce a different result if a new trial were granted. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010).

[16]Although Harris asserts that "[a]n appellate court must ensure that the record is sufficient to permit meaningful appellate review," we note that it is *the appellant* who bears the burden to bring forward an appellate record that enables the appellate court to determine whether her complaints constitute reversible error. *Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004); *see Valdez*, 2016 WL 1644550, at *4 ("It is an appellant's burden to bring forth a record demonstrating that a complained-of ruling of a trial court was erroneous."); *see also* Tex. R. App. P. 34.5(b)–(c), 34.6(b), (d), (e). The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. Tex. R. App. P. 35.3(c).

21

requested that the reporter's record be prepared, it is the court reporter's responsibility to prepare, certify, and file the reporter's record. *See* Tex. R. App. P. 35.3(b). The reporter's record was filed, but Harris maintained that it was incomplete. The court reporter filed a response stating that all court reporter's records had been transcribed, completed, and delivered to this court. Harris disagreed.

Because Harris disagreed with the court reporter's statement that the entire reporter's record had been filed, we abated the appeal and submitted the dispute to the trial court for resolution in accordance with Rule 34.6(e)(2)–(3) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 34.6(e)(2)–(3). We instructed the trial court to resolve whether the record was incomplete as described by Harris and either (1) require the court reporter to transcribe the omitted proceedings and certify and file a supplemental reporter's record in this court or (2) inform this court in writing of its finding that there are no inaccuracies or omissions in the reporter's record.

The trial court conducted a hearing, heard testimony from Harris and the court reporter, and reviewed its records. Following the hearing, the trial court found that "there are no inaccuracies or omissions in the reporter's record" and filed its finding with this court.[17] Harris, however, maintains that "multiple hearing transcripts remain

---

[17]Harris maintains that there are missing transcripts from hearings on September 4, 2024; March 25, 2025; April 21, 2025; April 22, 2025; May 30, 2025; and June 6, 2025. The trial court's findings reflect that all these dates were unreported hearings, concerned matters set by submission, or were hearings rescheduled to a later date.

missing despite [her] documented and repeated requests that they be prepared and included" and that "[t]hese missing transcripts involve critical proceedings related to counsel withdrawal, denial of continuance, failure to honor a deadline extension, and post-judgment rulings."

Rule 34.6(e)(2) provides that if the parties cannot agree on whether or how to correct a reporter's record, then "the trial court must . . . settle the dispute," and it did so at the abatement hearing. Tex. R. App. P. 34.6(e)(2); *Magana v. Citibank*, 454 S.W.3d 667, 679 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (describing Rule 34.6(e) as the remedy for inaccurate transcription). The trial court made findings of fact, and Harris did not attempt to challenge these findings by requesting additional or amended findings. *Cf.* Tex. R. Civ. P. 298. Based on the record before us, we are thus satisfied that the trial court correctly reviewed and resolved Harris's complaint under Rule 34.6(e)(3).

We overrule Harris' sixth issue.

### F. CUMULATIVE HARM

In her seventh and eighth issues, Harris contends that "the cumulative effect of the trial court's procedural errors deprived [her] of due course of law" and that the "errors were harmful under Texas Rule of Appellate Procedure 44.1." We disagree.

Having overruled all of Harris's other issues, we conclude that there was no harm to cumulate or to cause the rendition of an improper judgment. *See Mincer v. Simmons*, No. 02-21-00150-CV, 2022 WL 1573715, at *17 (Tex. App.—Fort Worth May 19, 2022,

pet. denied) (concluding that cumulative-error challenge fails when other issues have been overruled); *Michael Nazarian MD Assoc. LLC v. Aetna Life Ins. Co.*, No. 02-22-00109-CV, 2023 WL 3114203, at \*9 (Tex. App.—Fort Worth Apr. 27, 2023, no pet.) (overruling Rule 44.1 complaint after having overruled other issues); *see also Arreola v. Union Pac. R.R.*, 657 S.W.3d 789, 825 (Tex. App.—El Paso 2022, no pet.) ("[W]e have not found that the trial court committed multiple errors in its rulings, and we have therefore overruled all of Arreola's issues. As a result, we find no cumulative error on this record."); *Haynes v. Union Pac. R.R. Co.*, 598 S.W.3d 335, 357 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd) (explaining that appellate courts do not need to conduct a Rule 44.1 harm analysis if they find no error in the relevant complaint). Accordingly, we hold that Harris's cumulative-error challenge and her Rule 44.1 complaint fail. *See Mincer*, 2022 WL 1573715, at \*17; Tex. R. App. P. 44.1(a)(1).

We overrule Harris's seventh and eighth issues.

## IV. CONCLUSION

Having overruled Harris's eight issues, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Delivered: July 16, 2026

24